IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY BAILEY, <br> (SPN #00878763) <br> (Former TDCJ-CID #497135) <br><br> Plaintiff, <br><br> vs. <br><br> HATTIE SEAWELL MASON, <br><br> Defendant. | § § § § § § § § § § § § | CIVIL ACTION H-06-3471 |

## MEMORANDUM AND OPINION

Charles Ray Bailey, an inmate of the Harris County Jail, sued in November 2006, alleging civil rights violations resulting from emotional abuse. This court grants Bailey leave to proceed *in forma pauperis*. (Docket Entry No. 2). Bailey, proceeding *pro se*, sues Hattie Seawell Mason. Although Bailey does not identify their relationship, Mason is apparently a lawyer who represented Bailey in a criminal case.

The threshold issue is whether Bailey's claims may proceed.

**I.   Plaintiff's Allegations**

Bailey alleges that unspecified actions by Mason caused him emotional distress. He alleges that Mason's presence causes him to feel threatened and he does not want any further contact with her. Bailey seeks a restraining order requiring Mason to stay at least 500 feet away. He also seeks $2,500.00 in compensatory damages.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Bailey's claims for constitutional violations can only proceed under 42 U.S.C. § 1983. That statute requires a plaintiff to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). Bailey has sued Hattie Seawell Mason and states that her address is 708 Main Street, Suite 790, Houston, TX 77002. (Docket Entry No. 1, Complaint, p. 3). Although Bailey does not explain his relationship with Mason or state her title or position, "Hattie Seewell Mason"[1] is an attorney who has an office at 708 Main Street, Suite 790, Houston Texas 77002, the same address Bailey mentions in his complaint. 11

---

[1] It appears that Bailey has misspelled the defendant's name as "Hattie Seawell Mason," instead of "Hattie Seewell Mason."

MARTINDALE-HUBBELL LAW DIRECTORY TX, p.332 (2005). It appears that Bailey is suing Mason alleging emotional injuries she caused him during her representation of Bailey in criminal matters.

The conduct of a private person, such as Hattie Seawell Mason, is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Bailey has previously sued his criminal defense attorneys. *See* Civil Action Numbers 4:04-2167 and 4:06-2743. The federal court dismissed both of those lawsuits as frivolous and for failure to state a claim upon which relief could be granted. Similarly, Bailey's claims against Mason for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Bailey has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. Bailey's civil rights claims against Mason are dismissed as frivolous.

## III.   Conclusion

Bailey's motion for leave to proceed *in forma pauperis*, (Docket Entry No. 2), is granted. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk is directed to provide, by regular mail, e-mail or facsimile transmission, a copy to the parties; Sergeant M.E. McKinney, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Manager of the Three-Strikes List.

SIGNED on November 13, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge